```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 06-10078-CIV-KING
                              MAGISTRATE JUDGE P.A. WHITE
```

ERVIN EVANS, A/K/A              :
ERVIN THOMPSON,

      Plaintiff,          :          SUPPLEMENTAL REPORT
                                                     OF MAGISTRATE JUDGE
v.                              :

PENNY PHELPS, ET AL.,           :

                                :
      Defendants.
_____:


## I. Introduction

This Cause is before the Court upon the plaintiff's Amended Complaint filed on August 1, 2006.[1]

On July 25, 2006 the plaintiff Ervin Evans, a/k/a Ervin Thompson, currently housed at the Monroe County Detention Center, filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. [DE# 1]. The plaintiff has been granted leave to proceed in forma pauperis. [DE# 7].

The Amended Complaint is presently before the Court for initial screening pursuant to 28 U.S.C. §1915.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

---

[1] The Amended Complaint was originally filed as a new complaint and assigned Case No. 06-10084-KING.

Sec. 1915 Proceedings in Forma Pauperis

\* \* \*

(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

\* \* \*

(B) the action or appeal –

\* \* \*

(i)  is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief from a defendant who is immune from such relief.

The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or <u>Fed.R.Civ.P.</u> 12(b)(6) or (c).  <u>See Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in <u>Fed.R.Civ.P.</u> 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom.  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. <u>Whitehorn v. Harrelson</u>, 758 F.2d 1416, 1419 (11 Cir. 1985).  <u>Pro se</u> complaints are held to "less stringent standards than formal pleadings drafted

2

by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Eleventh Circuit recently confirmed that there is a heightened pleading standard in §1983 actions against entities that can raise qualified immunity as a defense. Swann v. Southern Health Partners, Inc., 388 F.3d 834, 837 (11 Cir. 2004). While Fed.R.Civ.P. 8 allows a plaintiff considerable leeway in framing a complaint, the Eleventh Circuit has tightened the application of Rule 8 with respect to §1983 cases in an effort to weed out nonmeritorious claims, requiring that a §1983 plaintiff allege with some specificity the facts which make out its claim. GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11 Cir. 1998); Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11 Cir. 1992), cert. denied sub nom. Deutcsh v. Oladeinde, 507 U.S. 987 (1993). Nevertheless, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11 Cir. 1985).

   A.   Statement of Claims

This case is proceeding against the defendants Captain Penny Phelps; Steven Katz; Captain Richard Remley; and Officer Bonnie Powell. Liberally construed, the plaintiff, who is a pretrial detainee, alleges that he has been housed in administrative confinement without due process; other inmates in general population have many more privileges than he does; and he is treated like a disciplinary inmate, which violates his right to equal protection and his right to be free from cruel and unusual punishment. The plaintiff alleges that these defendants are

responsible for his continued placement in segregated confinement without due process.

In the Amended Complaint, the plaintiff alleges that Lt. Tammy Clark, Lt. Roger Bluestone and Keena Allen sit on the classification committee, which meets every Thursday, and they, along with the original defendants, are responsible for the plaintiff's continued, illegal placement in administrative segregation. The plaintiff also seeks to hold Sheriff Richard Roth and Major Tommy Taylor liable for the actions of their subordinates, the other defendants, for their role in violating the plaintiff's constitutional rights.

B. <u>Analysis</u>

As stated in the prior Report, in <u>Bell v. Wolfish</u>, 441 U.S. 520, 535 (1979), the Supreme Court held that a pre-trial detainee "may not be punished prior to adjudication of guilt in accordance to due process of law." Under circumstances not involving intended punishment for a legitimate government purpose, a restriction or condition may nonetheless "amount to punishment" if officials are "deliberately indifferent" to a substantial risk to the detainee's safety, for example, an allegation that an official acted recklessly or with deliberate indifference by placing an inmate in a cell with another murderous inmate, or disregarded the a detainee's need for medical care, risk of suicide, or need for food and shelter. <u>See</u> <u>Rapier v. Harris</u>, 172 F.3d 999, 1006-07 (7 Cir. 1999).

Punitive restrictions or conditions may be constitutionally placed on pre-trial detainees, provided that the restrictions further some legitimate governmental objective (such as addressing

4

a specific institutional violation, ensuring a detainee's presence at trial, or maintaining safety, internal order, and security within the institution) and are not excessive in light of the seriousness of the violation. See Rapier at 1003; Collazo-Leon v. United States Bureau of Prisons, 51 F.3d 315, 318 (1 Cir. 1995) (citing Bell at 540)). A pre-trial detainee cannot be placed in segregation as a punishment without notice and an opportunity to be heard; due process requires no less. Rapier at 1003-4; Mitchell v. Dupnik, 75 F.3d 517, 524-25 (9 Cir. 1996). But no process is required if he a detainee is placed in segregation not as punishment but for managerial reasons. Bell, 441 U.S. 520, 535-41.

Normally, the placement of pre-trial detainees in safety cells is "punishment" in violation of the Fourteenth Amendment only if prison officials act with deliberate indifference to the detainee's needs. See Anderson v. County of Kern, 45 F.3d 1310, 1313 (9 Cir.), cert. denied, 516 U.S. 916 (1995).

The plaintiff's claims that he is not afforded the same privileges as other inmates and he has been denied due process should remain pending against the newly added defendants Clark, Bluestone and Allen.

Notices of lawsuit and requests for waiver of service of process will be sent to these defendants.

It is further recommended that Roth and Taylor be dismissed as parties to this civil action. The plaintiff raises no specific allegations of wrongdoing against Sheriff Roth or Major Taylor with regard to his placement in administrative confinement. He specifically seeks to include them as a defendants in this action solely because they hold supervisory positions. This he cannot do.

Public officials in supervisory positions cannot simply be held vicariously liable for the acts of their subordinates. Robertson v. Sichel, 127 U.S. 507 (1888); Byrd v. Clark, 783 F.2d 1002, 1008 (11 Cir. 1986). Nor can liability be predicated solely upon the doctrine of respondeat superior in a §1983 action. Monell v. Department of Social Services, 436 U.S. 658 (1978); Vineyard v. County of Murray, Georgia, 990 F.2d 1207 (11 Cir. 1993).

### III.  Recommendation

Based on the foregoing, it is recommended:

1. The Amended Complaint, along with the Complaint, be the Operative Complaint in this civil action.

2. The Amended Complaint proceed against the defendants Clark, Bluestone and Allen.

3. The defendants Roth and Taylor be dismissed as parties to this civil action pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 19th day of October, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Ervin Evans, a/k/a Ervin Thompson, <u>Pro Se</u>
     Monroe County Detention Center
     5501 College Road
     Key West, FL 33040